# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION -- LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:17-121-KKC |
|---|---|
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| KENNETH GRAVITT, | |
| Defendant. | |

This matter is before the Court on the defendant Kenneth Gravitt's motion to withdraw his plea of guilty. (DE 24). This matter has been pending since October 12, 2017. Gravitt was charged with eight counts of violating laws regulating the transport, storage, and disposal of hazardous waste. Trial was set to begin May 7, 2018. On the morning of trial, however, the parties indicated to the Court they had reached an oral agreement that would resolve the matter without trial. Pursuant to that agreement, Gravitt pleaded guilty to only two counts and the Court sent the potential jurors home.

Gravitt now moves to withdraw his guilty plea. Rule 11 of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea after the Court accepts it and before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Sixth Circuit has developed a multi-factor balancing test to guide this inquiry. These factors include, but are not limited to: (1) the amount of time that elapsed between the guilty plea and the motion to withdraw it; (2) whether the defendant has a valid reason for failing to seek withdrawal earlier; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the guilty plea; (5) the defendant's personal background; (6) the defendant's prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008).

After considering these factors, the Court will deny Gravitt's motion to withdraw his guilty plea. As to the timing of Gravitt's motion, "courts look with particular favor on 32(d) motions made . .

. within a few days after the initial pleading." *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (quoting *United States v. Roberts*, 570 F.2d 999, 1008 (D.C.Cir. 1977). On the other hand, a lapse of 22 days between the plea and the motion to withdraw it weighs against granting the motion. *Id.* This is because, "[t]he rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered." *Id.* (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)). "The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id*

Gravitt entered a guilty plea on May 7, 2018, the day trial was set to begin. His motion to withdraw the plea came 49 days (7weeks) later. This weighs against granting the motion. *See United States v. Shehee*, 986 F.2d 1423 (6th Cir. 1993) (unpublished decision finding that delay of 33 days between plea and motion to withdraw it supports denial of the motion); *Spencer*, 836 F.2d 236, 239 (6th Cir.1987) (affirming denial of motion to withdraw filed five weeks after entry of plea).

The longer a defendant waits before requesting to withdraw his guilty plea, the more closely a court will scrutinize the defendant's reasons for failing to file earlier. *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). Gravitt has not provided any reason for failing to move to withdraw his guilty plea earlier. He states in his affidavit that, soon after he left the courtroom, he realized he had made a mistake. He provides no reason for waiting seven weeks to file this motion.

Gravitt states in an affidavit filed with his motion that he maintains his innocence. Nevertheless, Gravitt did plead guilty under oath in this Court to two charges. Further, while Gravitt has had no known prior interactions with the criminal justice system, the circumstances underlying his plea support that he entered into the plea knowingly and voluntarily. He is represented by capable counsel that he retained himself. He states in his affidavit that his attorneys explained to him the ramifications of entering a guilty plea.

At rearraignment, the Court conducted the colloquy under Federal Rule of Criminal Procedure 11 to ensure that the guilty plea was entered knowingly and voluntarily. As part of the colloquy, the Court informed Gravitt that he had a right to a jury trial, including the right to

confront witnesses against him, and also informed him that he waived these rights if he pleaded guilty to the charge. This Court finds no circumstances surrounding Gravitt's plea that would warrant withdrawing it now. He is an educated and sophisticated businessman. Nothing in his background indicates that he did not understand what he was doing when he entered the guilty plea. The Court is satisfied that Gravitt understood the charge against him and the consequences of pleading guilty.

As to any prejudice to the government if the motion is granted, "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Spencer*, 836 F.2d at 240. Because Gravitt has not established a fair and just reason for allowing him to withdraw his guilty plea, the Court will not consider whether the government will be prejudiced by granting the motion.

For all these reasons, the Court hereby ORDERS that Gravitt's motion to withdraw his guilty plea (DE 24) is DENIED.

Dated July 23, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY